HUNT v. STATE.   (4 Div. 882.)

(Court of Appeals of Alabama.   July 10, 1923.)

1. Criminal law ⬅️1090(14)—No review of refusal to give general charge, in absence of bill of exceptions.

Where there is no bill of exceptions in the record, the trial court's action in refusing to give the general charge cannot be reviewed.

2. Criminal law ⬅️878(3)—Conviction under second count held acquittal under first count.

Where the first count of an indictment charged manufacturing whisky, and the second possessing a still, a verdict responding to the second count was an acquittal under the first count.

3. Intoxicating liquors ⬅️209—Count charging possession of still held to state offense.

A count of an indictment, charging that before the finding of the indictment and since December 1, 1919, defendant had in his possession a still, to be used for the purpose of manufacturing alcoholic or spirituous liquors or beverages, held to state an offense.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Rufus Hunt was convicted of a violation of the prohibition law, and he appeals. Affirmed.

Count 2 of the indictment is as follows:

"The grand jury of said county further charge that before the finding of this indictment and since the 1st day of December, 1919, that Rufus Hunt did have in his possession a still, apparatus, or appliance to be used for the purpose of manufacturing alcoholic or spirituous liquors or beverages contrary to law, against the peace and dignity of the state of Alabama."

Guy W. Winn, of Clayton, for appellant.

The indictment is defective in failing to show when the offense was committed. Clark v. State, 18 Ala. App. 217, 90 South. 16; Bibb v. State, 83 Ala. 88, 3 South. 711; Code 1907, § 7139.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] There being no bill of exceptions in this record, we cannot review the action of the trial court in refusing to give the general charge as requested by defendant.

[2, 3] The indictment was in two counts. The first charged manufacturing whisky, and the second possessing a still. The verdict responded to the second count, and therefore was an acquittal of the charge under the first count, and the second count undoubtedly charged an offense under the statute.

We find no error in the record, and the judgment is affirmed.

Affirmed.